# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE D. PENDER, JR.,

                Petitioner,

v.

WARDEN SCOTT ECKSTEIN,

                Respondent.

Case No. 17-CV-1041-JPS

**ORDER**

**1.**     **INTRODUCTION**

Petitioner Willie D. Pender, Jr. ("Pender") filed a petition for writ of *habeas corpus* on July 27, 2017. (Docket #1). On November 30, 2017, Magistrate Judge William E. Duffin screened Pender's petition and found that he could proceed. (Docket #11). This action was reassigned to this branch of the Court on December 6, 2017. On January 22, 2018, Respondent moved to dismiss Pender's petition. (Docket #15). Pender has not filed an opposition to Respondent's motion and the time in which to do so has expired. (Docket #11 at 3). For the reasons explained below, Pender's petition must be dismissed as untimely.

**2.**     **BACKGROUND**

In February 2006, Pender pled guilty to one count of second-degree reckless homicide while armed and one count of being a felon in possession of a firearm in Milwaukee County Circuit Court case number 2005-CF-3654. (Docket #16-1 at 1). Pender's appellate counsel then pursued a no-merit

appeal in the Wisconsin Court of Appeals. (Docket #16-2).[1] The Wisconsin Court of Appeals summarily affirmed Pender's judgment of conviction on July 3, 2007. *Id.* Pender did not file a petition for review with the Wisconsin Supreme Court. *Id.*

Almost nine years later, on March 18, 2016, Pender filed a post-conviction motion in the Milwaukee County Circuit Court. (Docket #16-3). That motion was Pender's first filing in his criminal case since his convictions had been affirmed. *Id.* The circuit court denied the motion and Pender appealed. *Id.* The Wisconsin Court of Appeals summarily affirmed. (Docket #16-7). Pender filed a petition for review in the Wisconsin Supreme Court, which was denied on June 12, 2017. (Docket #16-8 and #16-9).

3. ANALYSIS

The Court could summarily grant Respondent's motion in light of Pender's non-response. *See* Civ. L. R. 7(d). In any event, Respondent's timeliness argument is indisputably correct. State prisoners seeking federal habeas review have one year from the date their judgment of conviction became final to file their petition. 28 U.S.C. § 2244(d)(1). A judgment is "final" under this rule at "the conclusion of direct review [in the state appellate courts] or the expiration of the time for seeking such review." *Id.*

---

[1] A "no-merit appeal" is a creature of Wisconsin statute. *See* Wis. Stat. § 809.32. As the Wisconsin Supreme Court explains,

> the no-merit appeal procedure seeks to reconcile a defendant's right to appeal and right to effective assistance of counsel, with an attorney's duty to avoid making frivolous arguments. If a defendant wishes to appeal a conviction and counsel does not believe there is any merit to the defendant's arguments, counsel must follow the procedure set forth in [Section 809.32].

*State of Wisconsin v. Buchanan*, 828 N.W.2d 847, 856 n.8 (Wis. 2013).

§ 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Pender had thirty days from July 3, 2007 to seek review in the Wisconsin Supreme Court. Wis Stat. §§ 809.62(1m), 808.10(1). Because he chose not to, Pender's conviction became final on August 3, 2007. His federal habeas petition needed to be filed by August 3, 2008. Pender's petition was thus almost nine years too late.[2] Pender has two potential avenues to excuse his tardiness—the "actual innocence gateway," *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015), and equitable tolling, *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014)—but he has not asserted either. The Court will not do so for him.

5. **CONCLUSION**

For the reasons stated above, Respondent's motion to dismiss must be granted. Still, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Pender must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both

---

[2] Post-conviction motions, like the one Pender filed in March 2016, can toll the expiration of the statute of limitations. 28 U.S.C. § 2244(d)(2). They do not, however, restart the limitations clock. *Graham v. Borgen*, 483 F.3d 475, 477 (7th Cir. 2007). As applied here, Pender's one-year filing window closed long before his post-conviction motion was submitted, so there was no time left for the motion to toll.

that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Pender's petition.

Finally, the Court closes with some information about the actions that Pender may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent Scott Eckstein's motion to dismiss (Docket #15) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Willie D. Pender, Jr.'s petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Willie D. Pender, Jr.'s petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge